1983 Suit

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

FILED
2023 FEB 27 A 11: 52
DISTRICT COURT
N.D. OF ALABAMA

Leavert Kendrell McKinney
_____
Plaintiff
(Write your full name. No more than one plaintiff may be named in a complaint.)

-v-

JORDAN D BRANDON
JOHN R. CHANDLER

Stephen LANGFORD
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

Case No. 5:23cv239-LCB-NAD
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $402.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

I. The Parties to this Complaint

A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name: Leavert McKinney
All other names by which you have been known: Leavert Kendrell McKinney
ID Number: 218159
Current Institution: Elmore
Address: 3520 Marion Spillway Rd
Elmore, Alabama 36025

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: John R. Chandler
Job or Title *(if known)*: Sergant
Shield Number:
Employer: North Alabama Work Center
Address: Decatur, AL 35601

☐ Individual Capacity   ☑ Official Capacity

Defendant No. 2

Name: Stephen Langford
Job or Title *(if known)*: Captin
Shield Number:
Employer: North Alabama Work Center
Address: Decatur, Alabama 35601

☐ Individual Capacity   ☑ Official Capacity

2

Defendant No. 3

   Name: **JoRDan D BRandon**

   Job or Title *(if known)*: **OFFiceR**

   Shield Number:

   Employer:

   Address:

   City / State / Zip Code

   ☐ Individual Capacity    ☑ Official Capacity

Defendant No. 4

   Name:

   Job or Title *(if known)*:

   Shield Number:

   Employer:

   Address:

   City / State / Zip Code

   ☐ Individual Capacity    ☐ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

  A. Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

  B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**8th Amendment of the U.S. constitution CRuel and unusual Punishment.**

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_14th Amendment equal PRotection of the Law_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial Detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_On 1-28-2023 Inmate Leavert McKinney was Hit In the head with A Broom By Another Inmate_

C. What date and approximate time did the events giving rise to your claim(s) occur?

1-28-2023 At Approximate 2:30 a.m.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I Leavert McKinney was Hit In the head with A Broom by another Inmate which shows Lack of Security

V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

Leavert McKinney Sustained injuries to the head that cause blood and damages to his head

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Leavert McKinney is Requesting 100,000 Dollars compensation For Lack of Security and cruel and unusual punishment For being wrote up For 506-Disorderly conduct Pain And Suffering From head injury.

5

VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

North AlABama work center

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

_____

_____

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   PeTITION FOR WRIT OF certioRARI

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   _____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes
☑ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____

_____

_____

_____

8

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Printed Name of Plaintiff: Leavert McKinney
Prison Identification #: 218159
Prison Address: 3520 Marion Spillway Road
Elmore, Alabama 36025
City, State, Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/22/23 (Date)

Signature of Plaintiff: LT McK

J Jails / Notary

Comm Exp: 6/24/23

10

Kendrell McKinney

United States District Court
Northern District of Alabama

v.

Jordan D. Brandon
John R. Chandler
Stephen Langford

CASE NO: _____

# FACTS

On 1-28-2023 at 2:30 am Leavert McKinney was hit in the head with a broom at North Alabama Work Center while Jordan D. Brandon watch him get hit and didn't try to stop it. Jordan D. Brandon was the officer in J-Dorm. John R. Chandler Sergeant was the shift commander which wrote Leavert a Disciplinary Report for 506-Disorderly conduct when wittness officer testimony that McKinney didn't approach inmate David Henry with a broom in a aggressive manner. David Henry Inmate B/239317 wrote a statement saying that Leavert McKinney didn't approach him with a broom in a aggressive manner. Inmate McKinney called Jordan D. Brandon as a wittness but it was stated that he called in sick and was unable to testify. McKinney Leavert 218159 was found guilty by the hearing officer William Locklear and Captin Stephen Langford approved this cruel and unusual punishment which violates the 8th Amendment of the U.S Constitution. And allowed this lack of security to go on

L. Ravert McKinney #AIS 210159
3520 Marion Spillway RD.
Elmore, Alabama 36025

SECURIT*

FEB 01 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

District United Clerks office
Sharon N. Harris, clerk

US POSTAGE PITNEY BOWES
ZIP 36025 $ 001.08⁰
02 7H
0006102248  FEB 23 2023

Legal Mail

Hugo L. Black U.S.
Court House
17 29 5th Ave N -
Birmingham, Alabama 35203